## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARCO CONTRACTORS, INC. | ) | |
| | ) | |
| | ) | No. 2:20-cv-237 |
| Plaintiff, | ) | |
| vs. | ) | Judge J. Nicholas Ranjan |
| | ) | |
| CITIZENS FINANCIAL GROUP, INC., | ) | |
| d/b/a CITIZENS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT CITIZENS FINANCIAL GROUP, INC.'S
### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Citizens Financial Group, Inc. ("Citizens"), by and through its undersigned

counsel, files its Answer, Affirmative Defenses, and Counterclaim as follows:

### PRELIMINARY STATEMENT[1]

1.      The allegations in this paragraph contain legal conclusions to which no response

is required.  To the extent a response is deemed required, Citizens denies those allegations.  By

way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in

any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any

damages.

2.      The allegations in this paragraph contain legal conclusions to which no response

is required.  To the extent a response is deemed required, Citizens denies those allegations.  By

way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in

---

[1] References to headings and capitalized terms from the Complaint are meant solely for ease of
reference.  References to or omissions of headings and capitalized terms in no way constitute
admissions of the facts, allegations, or conclusions stated in those headings or terms.

any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

3. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it engaged any improper action or inaction with respect to Plaintiff's accounts or caused Plaintiff any damages.

## PARTIES

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations, except that Citizens admits that it is incorporated in Delaware and has a principal place of business in Rhode Island.

7. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations.

## FACTUAL BACKGROUND

8. Upon information and belief, admitted.

9. Upon information and belief, admitted, except for the allegations related to a purported account ending in 3873, which are denied. Plaintiff does not have an account at Citizens ending in 3873.

10. Denied, as stated.

11.     It is admitted that Rod Vingle, James Nealon, and Frank Livorio were Citizens employees assigned to Plaintiff's accounts at various times.  The remaining allegations in this paragraph are denied.

12.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.

13.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  By way of further response, Citizens admits that it is in possession of a copy of the Agreement for Cash Management Services and Service Order.  With its initial disclosures, Citizens produced the Agreement for Cash Management Services and Service Order ("ACMS") to Plaintiff, and a true and correct copy of the ACMS is attached hereto as **Exhibit A**.

14.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.

15.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  With respect to footnote 1, Citizens admits that at all times relevant to this lawsuit, Sue O'Neill was Marco's Controller and had authority, whether express or implied, to act on Plaintiff's behalf with respect to Plaintiff's accounts.  Any remaining allegations in this paragraph or footnote 1 are denied.

16.     Citizens is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  As such, those allegations are denied.  By way of further response, Citizens denies that it had any obligation to provide the Money Manager Service Request directly to Martin Smith after it was requested by O'Neill from Citizens.

17.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  By way of further response, Citizens admits that O'Neill provided the Money Manager Service Request to Lori Stumpf on or around January 17, 2007.  Citizens is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.  As such, those allegations are denied.

18.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  Citizens is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.  As such, those allegations are denied.

19.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  Citizens is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.  As such, those allegations are denied.

20.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of

the written document or otherwise attempt to paraphrase the document. Citizens is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph. As such, those allegations are denied.

21. The allegations of this paragraph refer to a written document, which speaks for itself. Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document. By way of further response, Citizens is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Martin Smith's signature and, therefore, denies same.

22. Citizens is without knowledge or information sufficient to form a belief as to the content of Plaintiff's alleged conversations with other purported Citizens' customers and, therefore, denies same. The remaining allegations of this paragraph are denied.

23. The allegations of this paragraph refer to a written document, which speaks for itself. Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.

24. Denied.

25. The allegations of this paragraph refer to a written document, which speaks for itself. Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.

26. Denied, except Citizens admits that Marco identified its Warrendale, Pennsylvania headquarters as an address of record for its Citizens' accounts and that mailings from Citizens to Marco were delivered to that address in accordance with the parties' applicable agreements.

27.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it had any obligation to obtain permission or approval directly from Martin Smith after receiving the request from Ms. O'Neill.

28.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.

29.     The allegations of this paragraph purport to describe written documents, which speak for themselves.  Citizens denies any characterizations inconsistent with the contents of those documents.

30.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it had any obligation to directly contact Martin regarding the identified transactions.

31.     It is admitted that Citizens communicated with O'Neill, Plaintiff's Controller and duly authorized representative.  The remaining allegations of this paragraph are denied

32.     The allegations of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.

33.     Denied.

34.     Denied.

35.     Citizens admits that O'Neill embezzled funds from Plaintiff and that Plaintiff failed to detect O'Neill's fraud because Plaintiff did not adequately monitor and/or oversee

O'Neill.  Citizens is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.  As such, those allegations are denied.

36.     The allegations of this paragraph refer to a written document which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  Citizens is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.  As such, those allegations are denied.

37.     Citizens is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  As such, those allegations are denied.  The allegations in the second sentence of this paragraph are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     With respect to the allegations in the first sentence of this paragraph, Citizens admits that representatives of Citizens met with representatives of Plaintiff regarding the embezzlement.  The allegations in the second sentence of this paragraph refer to a written document, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of the written document or otherwise attempt to paraphrase the document.  Any remaining allegations in this paragraph are denied.

44.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

45.     Denied.

46.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

47.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

## COUNT I

48.     Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

49.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

50.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations.

51.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By

way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

52.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

53.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

54.     The allegations of this paragraph, including the subparagraphs, contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

55.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

56.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

57.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## COUNT II

58.     Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

59.     The allegations of this paragraph refer to statutory provisions, which speak for themselves.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of those provisions or otherwise attempt to paraphrase those provisions.  By way of further response, 13 Pa. C.S.A. §4410 does not exist.

60.      The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

61.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

62.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

63.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

64.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

65.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## COUNT III

66.     Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

67.     The allegations of this paragraph refer to a statutory provision, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of that provision or otherwise attempt to paraphrase that provision.

68.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

69.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

70.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

71.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

72.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

73.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in

any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

74.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

75.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## COUNT IV

76.     Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

77.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations, except Citizens admits upon information and belief that Plaintiff became aware of O'Neill's embezzlement in or around February 2019.

78.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By

way of further response, the allegations of this paragraph misstate the requirements of the Pennsylvania Commercial Code and are contrary to the controlling agreements between the parties.

79.     Denied.

80.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the allegations of this paragraph refer to a statutory provision, which speaks for itself.  Citizens denies Plaintiff's allegations insofar as they are inconsistent with the contents of that provision or otherwise attempt to paraphrase that provision.

81.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the allegations of this paragraph misstate the requirements of the Pennsylvania Commercial Code and are contrary to the controlling agreements between the parties.

82.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, the allegations of this paragraph misstate the requirements of the Pennsylvania Commercial Code and are contrary to the controlling agreements between the parties.

83.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in

any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

84.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

85.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## COUNT V

86.     Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

87.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

88.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

89.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

90.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations.

91.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations.

92.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

93.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

94.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## COUNT VI

95. Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

96. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, the allegations of this paragraph misstate the requirements of the Pennsylvania Commercial Code and are contrary to the controlling agreements between the parties.

97. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations.

98. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations.

99. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

100. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, Citizens denies those allegations. By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

101.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## COUNT VII

102.    Citizens incorporates the previous paragraphs of its Answer as if stated here in full.

103.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

104.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

105.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.

106.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations. By way of further response, the alleged "duties" are contrary to the controlling agreements between the parties.

107.    The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in

any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

108.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Citizens denies those allegations.  By way of further response, Citizens denies that it breached any duties owed to Plaintiff, engaged in any improper action or inaction with respect to Plaintiff's accounts, or caused Plaintiff any damages.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff with fees and costs taxed to Plaintiff.

## DEMAND FOR JURY TRIAL

Citizens denies that Plaintiff is entitled to a jury trial.  Plaintiff has waived its right to a jury trial under the controlling agreements between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff:

a.    Finding Citizens not liable for any of the claims asserted in the Complaint

b.    Awarding Plaintiff no damages, including consequential and punitive damages; and

c.    Awarding Citizens all such relief, including attorneys' fees and other costs, as is permitted by the controlling agreements between the parties and as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.    Citizens incorporates the previous paragraphs of its Answer as if fully set forth here.

2. Any allegation in the Complaint not specifically admitted above is denied.

3. Citizens did not breach any statutory, common-law, contractual, or other duty owed to Plaintiff.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claims are barred by the agreements executed by the parties, including releases executed by Plaintiff.

6. Plaintiff's claims are barred because at all relevant times, O'Neill was acting in her capacity as Controller of Plaintiff and as a duly authorized representative with authority, whether apparent or implied, as to Plaintiff's accounts. As such, all of her directions, instructions, and endorsements were valid and effective and all of the transactions she effectuated were authorized and properly payable.

7. Plaintiff's claims are barred because Citizens at all times exercised ordinary care, acted in good faith, and observed reasonable commercial banking standards with respect to Plaintiff's accounts.

8. Plaintiff's claims are barred because the agreements between the parties and the Pennsylvania Commercial Code permitted Citizens to decline to visually inspect each item presented for payment.

9. Plaintiff's claims are barred by Plaintiff's failure to effectuate a stop payment order in accordance with the requirements of the Pennsylvania Commercial Code and the parties' agreements.

10. Plaintiff's common law claims are barred because they are displaced by the Pennsylvania Commercial Code.

11. Plaintiff's claims are barred by the doctrines of waiver and acquiescence.

12. Plaintiff's claims are barred by the doctrine of laches.

13. Plaintiff's claims are barred by the doctrine of estoppel.

14. Plaintiff's claims are barred by the doctrine of release.

15. Plaintiff's claims are barred by assumption of risk.

16. Plaintiff's claims are barred, in whole or in part, because of a failure to use reasonable diligence to mitigate damages.

17. Plaintiff's claims are barred by Plaintiff's failure to comply with the Pennsylvania Commercial Code and/or the agreements between the parties.

18. Plaintiff's claims are barred by Plaintiff's failure to timely review its account statements and provide appropriate notice of any errors or disputes.

19. Because all of the embezzlement was perpetrated by O'Neill, Plaintiff's claims are barred by the "same wrongdoer" provision of 13 Pa. C.S. § 4406(f).

20. Plaintiff's claims are barred because any losses were caused and/or contributed to by parties other than Citizens, including O'Neill, Plaintiff, and/or Plaintiff's accountants. *See, e.g., United States of America v. O'Neill*, No. 19-331 (W.D. Pa. Oct. 31, 2019) (the "Criminal Action"), ECF No. 32, at 2 (noting O'Neill embezzled funds by "manipulating the payroll system, writing checks to herself, writing checks to her company (Bulldog Contractors) and wiring funds to her company" while lying to her coworkers); ECF No. 37 (ordering O'Neill to pay more than $8.7 million in restitution to Marco).

21. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligence or contributory negligence. *See id.*

22. Plaintiff's claims are barred by the doctrine of avoidable consequences, because Plaintiff failed to take reasonable measures to supervise O'Neill, monitor its books and records, and otherwise take reasonable steps to prevent the complained-of harm.

23. Plaintiff's claims are barred by the gist of the action doctrine.

24. Plaintiff's claims are barred by the economic loss doctrine.

25. Any recovery must be reduced by amounts recovered from O'Neill, any insurance policies, or other payors or sources. *See* Criminal Action, ECF No. 32, at 5 (noting that O'Neill's "victims are entitled [to] restitution."); 3 (noting vast number of items the government has identified as being purchased with stolen money and which would provide sources of restitution); ECF No. 33, at 13 (noting that, before this action was filed, O'Neill "immediately began cooperating with the government and with the victim" and has already "agreed to transfer her entire 401K account to [Marco]"); 28 (noting that "O'Neill has taken extraordinary proactive steps to atone for her misdeeds and to assist the victim in this case, her former employer, to recoup sums lost due to her conduct."); 29 ("O'Neill's post-offense efforts have mitigated the restitution amount from the agreed-upon loss number. It is anticipated that the parties will have an agreement on the restitution amount at the time of sentencing."); 37 (ordering O'Neill to pay more than $8.7 million in restitution to Marco).

26. Plaintiff's claims are barred in whole or in part by the limitation of damages provisions in the Agreements.

27. Plaintiff's claims are barred by the provisions in the Agreements permitting Citizens to rely on the instructions, directions, representations, and signatures of Plaintiff's officers, authorized representatives, or representatives having apparent or implied authority.

28.    Plaintiff's request for punitive damages is legally insufficient and unfounded, as Plaintiff fails to set forth any allegations of willful, malicious, wanton, or oppressive conduct by Citizens that would permit such an award.  Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the Commonwealth of Pennsylvania.  Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit consideration of net worth or other financial information relating to Citizens; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032 (1991);

*TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443, 113 S.Ct. 2711 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996); and *State Farm Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

29.     Citizens reserves its right to amend and/or supplement this Answer and Affirmative Defenses.

WHEREFORE, Citizens requests entry of judgment in its favor and against Plaintiff, with fees and costs taxed to Plaintiff.

**COUNTERCLAIM**

Defendant and Counterclaim Plaintiff, Citizens Financial Group, Inc. ("Citizens" or "the Bank"), hereby asserts the following counterclaim against Plaintiff and Counterclaim Defendant, Marco Contractors, Inc. ("Marco"):

**THE PARTIES**

1.     Citizens is a corporation organized under the laws of Delaware with a principal place of business in Rhode Island.

2.     Marco is a Pennsylvania corporation with its principal place of business at 100 Commonwealth Drive, Warrendale, PA 15086.

**JURISDICTION**

3.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332.

4.     This Court has personal jurisdiction over Marco because Marco is a Pennsylvania limited liability company with its principal place of business in Warrendale, Pennsylvania.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Marco resides in this district and Marco's actions and omissions which gave rise to the claims asserted herein occurred in this district.

## FACTS

6.  At all times relevant to the facts alleged in Marco's Complaint and those alleged in this Counterclaim, the relationship between Citizens and Marco was controlled by a series of agreements.

7.  Among other things, these agreements described the relationship between the parties and the manner in which services would be provided by Citizens to Marco, certified that Citizens could rely on information provided to it by Marco and its authorized representatives, including Sue O'Neill, delineated the limited circumstances under which Citizens could be held liable with respect to any issues arising from the parties' relationship, articulated duties owed by Marco, and provided the circumstances under which Marco was required to indemnify Citizens from any losses, including attorney's fees and costs, arising from the parties' relationship.

## CONTROLLING AGREEMENTS

8.  Marco entered into the Agreement for Cash Management Services and Service Order (the "ACMS"), and the corresponding Cash Management Master Agreement ("CMAA") on or about February 20, 2007.  True and correct copies of the ACMS and CMMA are attached as **Exhibits A and B**, respectively.

9.  The CMMA states that "Citizens shall be entitled to rely upon the accuracy of all information and authorizations received from [Marco] or an Authorized Representative and the authenticity of any signatures purporting to be of [Marco] or an Authorized Representative". **Ex. B**, ¶ 7.

10.  Similarly, Marco agreed that "Citizens shall be entitled to rely on any notice or other writing believed by it in good faith to be genuine and correct and to have been signed by the individual purporting to have signed such notice or other writing." *Id.*

11.     Marco further agreed in the CMAA that it would be "responsible for monitoring all Services provided by Citizens, including each individual transaction processed by Citizens, and to notify Citizens immediately of any errors within fourteen (14) calendar days after receipt of any report, statement or other material containing or reflecting the error including an account analysis statement." *Id.*, ¶ 8. Marco agreed that its own "failure to notify Citizens of an error within [14 days] will relieve Citizens of any and all liability for the error." *Id.*

12.     The CMAA also provides that Marco "shall indemnify and hold Citizens harmless from any and all liabilities, losses, damages, costs, and expenses of any kind…relating to or arising out" of Marco's failure to "observe and perform properly all of its obligations hereunder or any negligent or wrongful act of [Marco] or any of its affiliates or subsidiaries" as well as any services Citizens provided pursuant to the CMAA, "including, without limitation, any action taken or not taken by Citizens in reasonable reliance upon information provided to Citizens by Customer." *Id.*, ¶ 15.

13.     In February of 2007, Marco executed and submitted to Citizens a Money Manager GPS Service Request (the "Service Request") which named Sue O'Neill as the System Administrator, with "full authority to manage the Money Manager GPS System".  A true and correct copy of the Service Request is attached as **Exhibit C**.  Despite the fact that a "Dual Control Feature" was available on the Service Request, Marco selected the "Standard Control Feature" which provided O'Neill with independent authority to manage Marco's account.  *See id.*

14.     The Service Request further provided that Marco "certifies that it has authorized each Individual designated above to exercise the full range of powers granted to their respective positions (as such powers are set out in the Cash Management Services Terms and Conditions)"

and that Marco "hereby authorizes Citizens to provide each such individual with access to the Money Manager GPS System commensurate with the access required to carry out the duties of the position to which they have been appointed." **Ex C**.

15. At all times since the opening of Marco's accounts with Citizens, the primary agreement controlling the relationship between Marco and Citizens has been the Business Deposit Account Agreement ("BDAA") and Business Signature Cards, which certify Marco's agreement to be bound by the BDAA "as amended by us from time to time." A true and correct copy of the current version of the BDAA, as amended, which became effective in May 2009 is attached as **Exhibit D**.

16. Marco executed multiple Business Signature Cards in connection with the accounts at issue in this litigation. Marco executed signature cards in September 2006 relating to Accounts ending in x6873, x8405, and x8251, supplemental signature cards relating to Accounts x8405 and x8251 in September 2014, and a signature card relating to Account x4484 and supplemental signature cards relating to Accounts x6873, x8405, and x8251 in February 2019 (collectively, the "Accounts"). A compilation of true and correct copies of the Business Signature Cards is attached as **Exhibit E**.

17. The September 2014 signature cards added O'Neill as an authorized signer of the Accounts. *Id.* at 5, 8.

18. With respect to customer authorizations, the BDAA states that Citizens "may conclusively rely upon written instructions from any of your officers." *See* **Ex. D** (BDAA), at ¶ A.5. This section further provides that Citizens is "authorized to follow the directions of a person having actual, implied or apparent authority to act on [Marco's] behalf[.]" *Id.*

19.     Marco also agreed to "carefully review [its] account statement and each transaction as soon as possible" and to notify Citizens of any errors, "including, without limitation, unauthorized transactions, signatures or alterations" within 30 days of the date Citizens sends, or otherwise makes available to Marco, the applicable account statement.  **Ex. D**, at ¶ B.26.  Marco further agreed that its failure to notify Citizens of a potentially "incorrect, altered, forged, unauthorized, or improperly paid" transaction "within 30 days after the statement was sent or made available" would render Marco unable to "make any claim" against Citizens. *Id.*

20.     The BDAA provides that Citizens processes checks by automated means and does not visually inspect all checks, and that Marco agreed that Citizens "do[es] not fail to exercise ordinary care by using automated means to process [Marco's] checks." *Id.*  The BDAA also included a requirement for Marco to submit any stop payment requests in a timely, transaction-specific manner, and to "describe the check by the exact account number, check number, and amount of the check," along with "any other information" Citizens reasonably requests to assist in identifying the check."  **Ex. D**, at ¶ B.17.

21.     In addition, the BDAA provides that Marco "agree[d] to indemnify and hold [Citizens] harmless from and against Losses arising in connection with the services provided under" the BDAA with the exception of those arising out of "gross negligence or willful misconduct." *Id.*, at ¶ B.38.

22.     Finally, pursuant to the BDAA, Marco "agree[s] to indemnify and hold [Citizens] harmless from Losses arising out of actions taken or omitted in good faith by [Citizens] in reliance upon instructions from [Marco]." *Id.*  The BDAA explicitly states that Citizens is "not responsible for any actions or omissions by any third party." *Id.*

23.     In the same month that it added O'Neill to the Accounts' signature cards (September 2014), Marco also executed a General Deposit Resolution for Single Stockholder Corporations.  A true and correct copy of the Business Resolution is attached hereto as **Exhibit F.**

24.     Among other things, the Business Resolution authorized O'Neill to open deposit accounts, "contract for any services offered by [Citizens]", and submit instruments for deposit and collection, and provided that Citizens is "authorized to accept such instruments . . . without inquiry as to the circumstances of the endorsement or lack of endorsement," to "make withdrawals or transfers of funds" from Marco's accounts, and to "conduct any and all other lawful business" with Citizens.  *See* **Ex. F,** at ¶ 2(a)-(g).

25.     At all times relevant to the events alleged in the Complaint, the relationship between Marco and Citizens was subject to Cash Management Terms & Conditions (the "Terms"), which Citizens provided to Marco and which were incorporated into the other Agreements signed by the parties.  A true and correct copy of the version of the Terms effective as of October 2019 is attached as **Exhibit G** (Terms).  Prior versions of the Terms contain substantively similar provisions to those cited herein and have been produced to Plaintiff by Citizens.  The Terms, Business Resolution, the BDAA, ACMS, and CMMA are collectively referred to as the "Agreements")

26.     The Terms specified that Marco was "responsible for monitoring all Services provided by Citizens, including each individual transaction processed by Citizens" and that failure to notify Citizens of "any errors or discrepancies within fourteen" days would "relieve Citizens of any and all liability for the error."   **Ex. G**, at 9.

27. Marco also agreed to "require all persons in its employ or under its control to whom a Security Device is disclosed to comply" with the Terms. *Id.* Marco agreed that it "shall be solely responsible for ensuring compliance with any Security Procedures," that "Citizens shall have no liability for any losses sustained by [Marco] as a result of a breach of any Security Procedures if Citizens has substantially complied" with those procedures and that it had received information about the procedures and "agrees that they are commercially reasonable." *Id.*, at 10.

28. Finally, Marco further agreed to indemnify and hold Citizens harmless from and against "any and all losses, liabilities, claims, damages, and expenses of any kind," including legal fees, "arising from or relating to any unauthorized use of Security Devices" as well as "any failure by [Marco] to observe and perform properly all of its obligations hereunder or any negligent or wrongful act of [Marco] or any of its affiliates or subsidiaries." *Id.* at 11-12.

## RELEASE OF MARCO CLAIMS

29. On June 30, 2015, Martin Smith ("Smith"), the founder, owner, and Chief Executive Officer of Marco, signed a Modification Agreement to a Revolving Demand Note he had executed in 2009 ("Modification"). A true and correct copy of the Modification is attached as **Exhibit H**.

30. Among other things, the Modification included a release from Marco of any claims against Citizens (the "Release"). The Release states that Marco "has no claim, set-off, counterclaim, defense or other cause of action against [Citizens] including, but not limited to, a defense of usury, any claim or cause of action at common law, in equity, statutory or otherwise, in contract or in tort, for fraud, malfeasance, misrepresentation, financial loss, usury, deceptive trade practice, or any other loss, damage or liability of any kind, including, without limitation,

any claim to exemplary or punitive damages arising out of any transaction between [Marco] and the Bank." **Ex**. **H** (Modification), at § 2.2.

31.      In the Release, Marco also agreed that "to the extent" any possible claim "may exist or might hereafter arise based on facts known or unknown that exist as of this date," such a claim "is hereby expressly and knowingly waived and released by" Marco. *Id.*

32.      In the Modification, Marco also agreed that it "shall pay to the Bank on demand any and all costs and expenses (including, without limitation, reasonable attorneys' fees and disbursements, court costs, litigation and other expenses) incurred or paid by the Bank in establishing, maintaining, protecting or enforcing any of the Bank's rights or any of the obligations owing by [the Marco] to the Bank. . . ." *Id.* § 2.3.

33.      Moreover, Marco committed in the Modification to "indemnify, defend and hold the Bank . . . harmless against any claim brought or threatened . . . by Marco . . . on account of the Bank's relationship with [Marco] . . . ." *Id.* § 2.4.

34.      In 2019, Marco communicated to Citizens that it discovered O'Neill had been abusing the authority Marco granted to her in order to embezzle funds from Marco's accounts.

35.      Upon information and belief, Marco enabled and/or acquiesced to O'Neill's embezzlement through its lack of care and/or oversight of O'Neill and its failure to comply with the duties imposed on it by the Agreements.

36.      On February 14, 2020, Marco filed the instant action against Citizens.

## COUNT I: INDEMNIFICATION

37.      Citizens incorporates all of the preceding paragraphs of its Answer, Affirmative Defenses, and Counterclaims as though fully set forth herein.

38.      The Agreements and Modification are valid contracts.

39.     As set forth above, the Agreements and Modification contain broad indemnification provisions that require Marco to hold Citizens harmless and pay Citizens' expenses with respect to disputes arising out of Citizens' provision of services to Marco.  *See, e.g.,* **Ex. B**, ¶ 15; **Ex. D**, at ¶ B.38; **Ex. G**, at 10-11; **Ex. H** § 2.3.

40.     This action, which Marco initiated against Citizens and which relates to fraud perpetrated on Marco by O'Neill, arises out of Citizens' provision of services with respect to Marco's accounts.  *See generally* Complaint.

41.     As reflected in the Agreements, Citizens was at all times authorized to act upon any instruction, direction, or endorsement provided by O'Neill, as an authorized representative of Marco.  *See, e.g.,* **Ex. B**, ¶ 7; **Ex. C**; **Ex. D** (BDAA), at ¶ A.5; **Ex. F,** at ¶ 2(a)-(g); **Ex. G**, at 9-10.

42.     Marco never provided timely notice of any errors or disputes to Citizens in accordance with the Agreements, *see, e.g.,* **Ex. B**, ¶ 8; **Ex. D**, at ¶ B.26; **Ex. G**, at 9, or otherwise.  As such, Marco is barred from asserting any claims relating to transactions not timely and properly disputed.

43.     Pursuant to the Release, Marco waived any claims against Citizens that arose prior to June 30, 2015, regardless of whether those claims where known or unknown as of that date.

44.     The fraud perpetrated by O'Neill was the result of Marco's failure to adequately monitor and oversee O'Neill's actions as Controller.

45.     Citizens has not engaged in any conduct that impairs any of its right to indemnification.

46. Citizens has at all times complied with all applicable duties owed to Marco, whether under the Agreements, the Pennsylvania Commercial Code, or otherwise.

47. Citizens has incurred losses in connection with defending against the claims Marco has asserted.

48. Citizens has incurred, since February 2020 – and continues to incur to this day – substantial attorneys' fees, court costs, mediation expenses, and other costs in order to defend itself from the non-meritorious and frivolous claims asserted by Marco in this action and in enforcement of its rights under the Agreements.  As such, Citizens has incurred losses within the meaning of the indemnification provisions of the Agreements and Modification.

49. Marco's duty to indemnify has arisen because Citizens has not only incurred but also paid attorneys' fees, mediation expenses, and other costs and fees in connection with this action.

50. These expenses are reasonable and necessary losses incurred by Citizens' in connection with this litigation.

WHEREFORE, Counterclaim Plaintiff Citizens Financial Group, Inc. respectfully requests judgment in its favor and against Counterclaim Defendant Marco Contractors, Inc. pursuant to the indemnification provisions contained in the Agreement and Modification as follows:

a. All attorneys' fees and other litigation expenses incurred since the initiation of this action;

d. Interest and such further damages and relief this Court may deem just and proper.

Dated: September 29, 2020

Respectfully submitted,

_/s/ Perry A. Napolitano_____
Perry A. Napolitano
PA I.D. No. 56789
Justin J. Kontul
PA I.D. No. 206026
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, Pennsylvania 15222

*Counsel for Citizens Financial Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim was filed electronically on this 29th day of September 2020.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's ECF System.

 _/s/ Perry A. Napolitano_____
*Counsel for Citizens Financial Group, Inc.*