# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCO CONTRACTORS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20-CV-237 |
| ) | |
| v. ) | |
| ) | |
| CITIZENS FINANCIAL GROUP, INC., ) | ELECTRONICALLY FILED |
| d/b/a CITIZENS BANK, ) | |
| ) | |
| Defendant. ) | |

## ANSWERS AND OBJECTIONS TO CITIZENS FINANCIAL GROUP, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff, Marco Contractors, Inc. ("Plaintiff" or "Marco"), by and through its undersigned counsel, Christopher A. Cafardi, Esquire and Cafardi Ferguson Wyrick Weis + Gabriel LLC, serves the following Answers and Objections to Citizens Financial Group Inc.'s First Set of Requests for Admission:

## GENERAL OBJECTIONS

1. Marco objects to Citizens' Requests for Admission to the extent they seek confidential or proprietary business information, information protected by the attorney-client privilege and/or information protected by the attorney work product doctrine. To the extent that information covered by such protections is disclosed inadvertently in this litigation, that disclosure is without waiver of any such protections, and Marco reserves the right to take appropriate steps to address any inadvertent disclosure or any other potential waiver.

2. Marco objects to Citizens' Requests for Admission to the extent they seek information that is neither relevant to the subject matter of the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

- 2 -

3. Marco objects to Citizens' Requests for Admission to the extent they are vague, ambiguous, overly broad, burdensome and/or oppressive.

4. Marco objects to Citizens' Requests for Admission to the extent they seek to impose obligations that are different from or inconsistent with the scope of discovery under the Federal Rules of Civil Procedure and the local rules of this Court.

5. Marco specifically reserves the right to interpose any and all additional objections should a substantive response be required.

## ANSWERS AND OBJECTIONS TO REQUESTS FOR ADMISSION

**Request No. 1:** Admit that the document attached as Exhibit H to the Counterclaim and labeled CFG_000369 to CFG_000374 is a true and correct copy of the June 30, 2015 Modification Agreement to a Revolving Demand Note.

**Answer:** Admitted in part and denied in part. **It is admitted that CFG_000369 to CFG_000374 is a true and correct copy of the June 30, 2015 Modification Agreement to a Revolving Demand Note. To the extent Request No. 1 seeks to imply that Marco in any way released Citizens from liability for claims not discovered by Marco until February 2019, such implication is specifically denied and strict proof thereof is demanded at trial.**

**Request No. 2:** Admit that the document attached as Exhibit H to the Counterclaim and labeled CFG_000369 to CFG_000374 is signed by Martin Smith.

**Answer:** Admitted in part and denied in part. **It is admitted that CFG_000369 to CFG_000374 was signed by Martin Smith. However, to the extent Request No. 2 seeks to imply that Marco and/or Martin Smith in any way released Citizens from liability for claims not discovered by Marco and Smith until February 2019, such implication is specifically denied and strict proof thereof is demanded at trial.**

**Request No. 3:** Admit that the pages labeled CFG_000207, CFG_000208, and CFG_000209, which are a part of Exhibit E to the Counterclaim, are true and correct copies of the Business Signature Cards for Marco's account with Citizens ending in 8251.

**Answer:** Admitted in part and denied in part. **It is admitted that CFG_000207 to CFG_000209 are true and correct copies of Business Signature Cards for Marco's account ending in 8251. However, to the extent Request No. 3 seeks to imply that CFG_000208 gives O'Neill exclusive unlimited authority to act on Marco's behalf, as frequently suggested by Citizens, such implication is specifically denied and strict proof thereof is demanded at trial. By way of further response, CFG_000208 designates O'Neill only as an authorized signer beginning September 19, 2014.**

**Request No. 4:**  Admit that the pages labeled CFG_000207, CFG_000208, and CFG_000209 are signed by Martin Smith.

**Answer:**  Admitted in part and denied in part. It is admitted that CFG_000207 to CFG_000209 are signed by Martin Smith. However, to the extent Request No. 4 seeks to imply that CFG_000208 gives O'Neill exclusive unlimited authority to act on Marco's behalf, as frequently suggested by Citizens, such implication is specifically denied and strict proof thereof is demanded at trial.  By way of further response, CFG_000208 designates O'Neill only as an authorized signer beginning September 19, 2014.

**Request No. 5:**  Admit that the pages labeled CFG_000210, CFG_000211, and CFG_000212, which are a part of Exhibit E to the Counterclaim, are true and correct copies of the Business Signature Cards for Marco's account with Citizens ending in 8405.

**Answer:**  Admitted in part and denied in part. It is admitted that CFG_000210 to CFG_000212 are true and correct copies of Business Signature Cards for Marco's account ending in 8405. However, to the extent Request No. 5 seeks to imply that CFG_000211 gives O'Neill exclusive unlimited authority to act on Marco's behalf, as frequently suggested by Citizens, such implication is specifically denied and strict proof thereof is demanded at trial. By way of further response, CFG_000211 designates O'Neill only as an authorized signer beginning September 19, 2014.

**Request No. 6:**  Admit that the pages labeled CFG_000210, CFG_000211, and CFG_000212, which are a part of Exhibit E to the Counterclaim, are signed by Martin Smith.

**Answer:**  Admitted in part and denied in part. It is admitted that CFG_000210 to CFG_000212 are signed by Martin Smith. However, to the extent Request No. 6 seeks to imply that CFG_000211 gives O'Neill exclusive unlimited authority to act on Marco's behalf, as frequently suggested by Citizens, such implication is specifically denied and strict proof thereof is demanded at trial.  By way of further response, CFG_000211 designates O'Neill only as an authorized signer beginning September 19, 2014.

**Request No. 7:**  Admit that the page labeled CFG_000213, which is a part of Exhibit E to the Counterclaim, is a true and correct copy of the Business Signature Card for Marco's account with Citizens ending in 4484.

**Answer:  Admitted.**

**Request No. 8:**  Admit that the page labeled CFG_000213, which is a part of Exhibit E to the Counterclaim, is signed by Martin Smith.

**Answer:  Admitted.**

**Request No. 9:**  Admit that the pages labeled CFG_000404 and CFG_000405, which are a part of Exhibit E to the Counterclaim, are true and correct copies of the Business Signature Card for Marco's account with Citizens ending in 6873.

**Answer:  Admitted.**

**Request No. 10:**  Admit that the pages labeled CFG_000404 and CFG_000405, which are a part of Exhibit E to the Counterclaim, are signed by Martin Smith.

**Answer:  Admitted.**

**Request No. 11:**  Admit that the document attached as Exhibit F to the Counterclaim and labeled CFG_000375 to CFG_000376 is a true and correct copy of the General Deposit Resolution for Single Stockholder Corporations related to Marco's accounts at Citizens.

**Answer:  Admitted in part and denied in part. It is admitted that CFG_000375 to CFG_000376 is a true and correct copy of the General Deposit Resolution for Single Stockholder Corporations. However, to the extent Request No. 11 seeks to imply that CFG_000375 to CFG_000376 gives O'Neill exclusive unlimited authority to act on Marco's**

**behalf, as frequently suggested by Citizens, such implication is specifically denied and strict proof thereof is demanded at trial. By way of further response, CFG_000375 to CFG_000376 provides O'Neill only with the authority as set forth in CFG_000375 to CFG_000376 beginning September 19, 2014.**

**Request No. 12:** Admit that the documents Marco produced in this action labeled MARCO_0000088 to MARCO_0000117, MARCO_0000119 to MARCO_0000207, MARCO_000209 to MARCO_0001107, MARCO_0001110 to MARCO_0002247, MARCO_0002249 to MARCO_0002705, MARCO_0002707 to MARCO_0003062, MARCO_0003064 to MARCO_0003390, and MARCO_0003392 to MARCO_003393 are true and correct copies of account statements that Marco received from Citizens.

**Answer: Admitted in part and denied in part. It is admitted that the referenced documents are true and correct copies of account statements; however, after reasonable investigation, Marco is without knowledge or information sufficient to form a belief as to whether the referenced statements were received by Marco from Citizens. Therefore, it is denied that Marco received the referenced statements from Citizens and strict proof thereof is demanded at trial.**

**Request No. 13:** Admit that the documents Citizens produced in this action labeled CFG_00868 to CFG_00975 are true and correct copies of account statements for Marco's account with Citizens with an account number ending in 4484 that Citizens sent to Marco.

**Answer: Admitted in part and denied in part. It is admitted that the referenced documents are true and correct copies of account statements; however, after reasonable investigation, Marco is without knowledge or information sufficient to form a belief as to whether the referenced statements were sent to Marco by Citizens. Therefore, it is denied that the referenced statements were sent to Marco by Citizens and strict proof thereof is demanded at trial. By way of further response, Marco denies that these are all of the account statements for the Marco account ending in 4484. Moreover, several check images are missing from the produced documents.**

**Request No. 14:** Admit that the documents Citizens produced in this action labeled CFG_00976 to CFG_01444 are true and correct copies of account statements for Marco's account with Citizens with an account number ending in 6873 that Citizens sent to Marco.

**Answer:  Admitted in part and denied in part. It is admitted that the referenced documents are true and correct copies of account statements; however, after reasonable investigation, Marco is without knowledge or information sufficient to form a belief as to whether the referenced statements were sent to Marco by Citizens. Therefore, it is denied that the referenced statements were sent to Marco by Citizens and strict proof thereof is demanded at trial. By way of further response, Marco denies that these are all of the account statements for the Marco account ending in 6873. Moreover, several check images are missing from the produced documents.**

**Request No. 15:** Admit that the documents Citizens produced in this action labeled CFG_01445 to CFG_04794 are true and correct copies of account statements for Marco's account with Citizens with an account number ending in 8251 that Citizens sent to Marco.

**Answer:  Admitted in part and denied in part. It is admitted that the referenced documents are true and correct copies of account statements; however, after reasonable investigation, Marco is without knowledge or information sufficient to form a belief as to whether the referenced statements were sent to Marco by Citizens. Therefore, it is denied that the referenced statements were sent to Marco by Citizens and strict proof thereof is demanded at trial. By way of further response, Marco denies that these are all of the account statements for the Marco account ending in 8251. Moreover, several check images are missing from the produced documents.**

**Request No. 16:** Admit that the documents Citizens produced in this action labeled CFG_04795 to CFG_05433 are true and correct copies of account statements for Marco's account with Citizens with an account number ending in 8405 that Citizens sent to Marco.

**Answer:  Admitted in part and denied in part. It is admitted that the referenced documents are true and correct copies of account statements; however, after reasonable investigation, Marco is without knowledge or information sufficient to form a belief as to whether the referenced statements were sent to Marco by Citizens. Therefore, it is denied that the referenced statements were sent to Marco by Citizens and strict proof thereof is demanded at trial. By way of further response, Marco denies that these are all of the account statements**

**for the Marco account ending in 8405. Moreover, several check images are missing from the produced documents.**

**Request No. 17:** Admit that Marco did not at any time prior to the filing of this lawsuit notify Citizens in writing of any disputed transactions in accordance with the terms of the Business Deposit Account Agreement (attached as Exhibit D to the Counterclaim).

**Answer:  Denied.  Marco was in direct communication with Citizens regarding numerous of the allegations in the Complaint prior to the filing of this lawsuit.  Additionally, Marco disputed numerous fraudulent transactions in connection with the Jacqueline Jones fraud and an additional check fraud scheme to Citizens as early as 2014.**

**Request No. 18:** Admit that Marco did not at any time prior to the filing of this lawsuit notify Citizens of any disputed transactions in accordance with the terms of any agreement related to Marco's accounts with Citizens.

**Answer:  Denied.  Marco was in direct communication with Citizens regarding numerous of the allegations in the Complaint prior to the filing of this lawsuit.  Additionally, Marco disputed numerous fraudulent transactions in connection with the Jacqueline Jones fraud and an additional check fraud scheme to Citizens as early as 2014.**

**Request No. 19:**  Admit that, from 2014 to 2019, Marco maintained the following post office box:

Marco Contractors, Inc.
PO BOX 805
Warrendale, PA 15095-0805

**Answer:**  Admitted.

                                                Respectfully submitted,

                                                Cafardi Ferguson Wyrick Weis + Gabriel LLC

Date: December 21, 2020           By:  */s/ Christopher A. Cafardi*
                                                    Christopher A. Cafardi, Esquire
                                                    Pa. I.D. No. 90904
                                                    2605 Nicholson Road, Suite 2201
                                                    Sewickley, PA 15143
                                                    Tel:  (412) 515-8900
                                                    Fax:  (412) 515-8901
                                                    ccafardi@cfwwg.com
                                                    *Counsel for Plaintiff, Marco Contractors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served the foregoing Answers and Objections to Citizens Financial Group Inc.'s First Set of Requests for Admission upon the following counsel by electronic mail:

Justin J. Kontul, Esq.
Perry A. Napolitano, Esq.
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
jkontul@reedsmith.com
pnapolitano@reedsmith.com

*Counsel for Defendant*

Date: December 21, 2020          */s/ Christopher A. Cafardi*
                                 Christopher A. Cafardi
                                 Pa. I.D. No. 90904