# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARCO CONTRACTORS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:20-cv-237 |
| | ) | |
| vs. | ) | Judge J. Nicholas Ranjan |
| | ) | |
| CITIZENS FINANCIAL GROUP, INC., | ) | |
| d/b/a CITIZENS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### CITIZENS FINANCIAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Citizens Financial Group, Inc. ("Citizens"), by and through its counsel, serves its Objections and Responses to the Second Set of Interrogatories (the "Interrogatories") of Marco Contractors, Inc. ("Plaintiff" or "Marco").

### GENERAL OBJECTIONS

Citizens asserts the following General Objections to Plaintiff's Interrogatories, including the "Definitions" and "General Provisions and Instructions" sections:

1.     The following Objections and Responses are based upon the facts, documents, and information presently known and reasonably available to Citizens.  Discovery, investigation, and analysis are ongoing and may disclose the existence of additional facts, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these Objections and Responses.  Citizens expressly reserves the right to amend and/or supplement these Objections and Responses as this case proceeds.

2.     Citizens generally objects to the Interrogatories to the extent that they suggest, require, or purport to impose upon Citizens any burdens, responsibilities or obligations beyond

those set forth by the Federal Rules of Civil Procedure or by the Local Rules of the United States District Court for the Western District of Pennsylvania, or to the extent that Plaintiff's Interrogatories are inconsistent with, conflict with, or exceed the scope of what is permitted or required by those rules.  Citizens will respond in accordance with any applicable federal and local rules.

3.      Citizens objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable legal privilege or protection.  In providing responses to the Interrogatories, Citizens does not intend to waive any applicable privileges or rights of non-disclosure.

4.      Citizens objects to the Interrogatories to the extent that they seek confidential business, proprietary, or trade secret information or private, personal, and/or confidential information.  Citizens will provide such confidential business, proprietary, or trade secret information or private, personal, and/or confidential information pursuant to the terms of the protective order entered in this action at Doc. No. 26 (the "Protective Order").

5.      Citizens objects to Definition Nos. 8, 9, and 26, to the extent that they mischaracterize and/or do not accurately describe the identified requirements of the USA Patriot Act and to the extent that those Definitions suggest inappropriately said requirements are applicable to the events alleged in the Complaint.

6.      Citizens objects to Definition No. 15 as overly broad and unduly burdensome because it includes types of documents that are beyond the scope of that required by the Federal Rules of Civil Procedure and/or the Local Rules of the U.S. District Court for the Western District of Pennsylvania.

7.      Citizens objects to Definition Nos. 20 and 21 to the extent that they mischaracterize or do not accurately describe the identified services and to the extent that the Definition implies inappropriately that the services encompassed by said Definitions are applicable to the events alleged in the Complaint.

8.      Citizens objects to Definition No. 42 to the extent that it mischaracterizes and/or does not accurately describe the USA Patriot Act and to the extent that the Definition suggests inappropriately that the Patriot Act is applicable to the events alleged in the Complaint.

9.      Citizens objects to Definition No. 36 and Instruction No. 1 because they require Citizens to provide information that is not within its possession, custody, or control.  By way of further response, the Instructions to provide information "available to you from any source" and to "describe in detail the efforts . . . made to locate or obtain the information" that is not within Citizens' possession, custody, or control are contrary to the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the U.S. District Court for the Western District of Pennsylvania.

10.     Citizens objects to Instruction No. 3 to the extent that it purports to require the compilation of documents in a manner other than which they are stored in the ordinary course of business and/or to the extent that it requires Citizens to produce documents that are not relevant and/or not responsive to Plaintiff's discovery requests.

11.     Citizens objects to Instruction No. 4 to the extent that it imposes requirements beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the U.S. District Court for the Western District of Pennsylvania.

12.     The restatement or rephrasing of any of the above General Objections within any of the below Responses shall not waive or in any way limit the scope of these General Objections.

Citizens' failure to repeat any General Objection in the below Responses shall in no way be deemed a waiver or limitation of that General Objection.

Without any limitation of the foregoing, and subject thereto, Citizens sets forth the following Specific Objections and Responses to Plaintiff's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

1.     For each contract/agreement cited by Citizens Bank as a "Controlling Agreement" in its Answer, Affirmative Defenses, and Counterclaim, including: (1) the Agreement for Cash Management Services and Service Order ("ACMS"), (2) the Cash Management Master Agreement ("CMMA"), (3) the Money Manager GPS Service Request (the "Service Request"), (4) the Business Deposit Account Agreement ("BDAA"), (5) the Business Signature Cards, (6) the General Deposit Resolution for Single Stockholder Corporations ("Business Resolution"), (7) the Cash Management Terms & Conditions ("Terms"), (8) the 2015 Modification Agreement to a Revolving Demand Note, and (9) the 2017 Modification Agreement to a Revolving Demand Note, please Identify:

   a.     The reason for the contract/agreement, and/or the event which triggered Citizens Bank to request Marco to enter into said contract/agreement;

   b.     Did Citizens Bank utilize any form generating software, such as MediciTM loan documentation software, for the contract/agreement? If so, please identify that software and please provide a copy of the standard form document and identify any specific provision(s) which differ from the standard form document;

   c.     The manner in which the contract/agreement was provided by Citizens Bank to Marco for review and signature;

   d. The date the contract/agreement was sent by Citizens Bank to Marco for review and signature;

   e. The manner in which the signature of Marco and/or its duly authorized representative(s) was witnessed (i.e., signed in person and witnessed by Citizens Bank representative(s), signed before witnesses other than Citizens Bank representatives, notarized signature, signed in private, etc.);

   f. Identify the representative(s) of Citizens Bank who witnessed the signature of Marco and/or its duly authorized representative(s);

   g. The manner in which the signed document was returned to Citizens Bank; and

   h. The date on which the signed document was returned to Citizens Bank.

**ANSWER:** In addition to its General Objections, which are incorporated herein by reference, Citizens objects to this Interrogatory as impermissibly compound and because it exceeds the limit for interrogatories.  Citizens also objects to the extent that it is based on an improper premise, including that Citizens Bank was required to "witness" the signatures on the Agreement for Cash Management Services and Service Order ("ACMS"), the Cash Management Master Agreement ("CMMA"), the Money Manager GPS Service Request (the "Service Request"), the Business Deposit Account Agreement ("BDAA"), the Business Signature Cards, the General Deposit Resolution for Single Stockholder Corporations ("Business Resolution"), the Cash Management Terms & Conditions ("Terms"), the 2015 Modification Agreement to a Revolving Demand Note, and the 2017 Modification Agreement to a Revolving Demand Note.  To the contrary, the ACMS and the corresponding CMMA, which Marco entered into with Citizens provided that: (a) "Citizens shall be entitled to rely upon the accuracy of all information and

authorizations received from [Marco] or an Authorized Representative and the authenticity of any signatures purporting to be of [Marco] or an Authorized Representative;" and (b) "Citizens shall be entitled to rely on any notice or other writing believed by it in good faith to be genuine and correct and to have been signed by the individual purporting to have signed such notice or other writing."  Dkt. 44 at ¶¶ 8-10.  Additionally, the BDAA governing Marco's deposit relationship with Citizens provided that Citizens "may conclusively rely upon written instructions from any of your officers" and that Citizens is "authorized to follow the directions of a person having actual, implied or apparent authority to act on [Marco's] behalf[.]"  *Id.* at ¶¶ 15-18.  Citizens also objects to the extent that the information requested in this Interrogatory is within Marco's possession, custody, or control.

Subject to and without waiving the foregoing objections, Citizens refers Marco to the documents that Citizens has already produced in this action and provides the following additional information:

1.     The ACMS was entered as a result of Marco's request to enroll in Cash Management Services with Citizens.  The ACMS was based on a standard template, was provided to Marco in February 2007, and was executed by Martin Smith on February 20, 2007.  Upon information and belief, any and all signatures on the ACMS are authentic.

2.     The CMMA was entered as a result of Marco's request to enroll in Cash Management Services with Citizens.  The CMMA was based on a standard template and provided to Marco and executed by Martin Smith in or around February 2007.  Upon information and belief, any and all signatures on the CMMA are authentic.

3.     The Service Request was entered as a result of Marco's request to enroll in Money Manager GPS services with Citizens.  The Service Request was based on a standard

template, was provided to Marco in January 2007, and was executed by Martin Smith on or about January 17, 2007.  Upon information and belief, any and all signatures on the Service Request are authentic.

4.      Although Marco fails to specify which BDAA is the subject of this Interrogatory, any BDAA provided to Marco was provided as a result of Marco's opening and/or maintenance of business deposit account(s) with Citizens.  BDAAs are standard forms provided and/or made available to business deposit account customers.

5.      Although Marco fails to specify which Business Signature Cards are the subject of this Interrogatory, any Business Signature Cards were provided as a result of Marco's opening and/or maintenance of business deposit account(s) with Citizens. Business Signature Cards are standard forms executed by business deposit account customers.  As admitted in Marco's responses to Citizens' requests for admission, any and all signatures on the Business Signature Cards are authentic, and the date that the Business Signature Cards were executed is reflected on same.

6.      The Business Resolution provided to Marco in 2014 is based on a standard template and was provided as part of Marco's maintenance of business deposit accounts with Citizens.  Citizens provided the Business Resolution form to Marco in or around September 2014, and Marco executed and returned the same on or around September 19, 2014.  As admitted in Marco's responses to Citizens' requests for admission, any and all signatures on the Business Signature Cards are authentic.

7.      Although Marco fails to specify which iteration of the Terms is the subject of this Interrogatory, any Terms provided to Marco were provided as a result of Marco's enrollment of cash management services provided to Marco by Citizens.  The Terms are

standard forms provided and/or made available to business deposit account customers who enroll in cash management services.

8.      The 2015 Modification Agreement to a Revolving Demand Note was entered into by the parties to memorialize an agreement between Marco and Citizens regarding Marco's financial reporting requirements with respect to the Revolving Demand Note dated July 24, 2009.  This Modification Agreement was based on a standard template agreement and was signed by Martin Smith on or about July 10, 2015.  James Nealon personally obtained the executed document from Marco's headquarters.  *See* CFG_09888; CFG_10552-23.

9.      The 2017 Modification Agreement to a Revolving Demand Note was entered into by the parties to memorialize an agreement between Marco and Citizens regarding Marco's financial reporting requirements with respect to the Revolving Demand Note dated July 24, 2009.  This Modification Agreement was based on a standard template agreement and was signed by Martin Smith on or about June 16, 2017.  Kolby Baker personally picked this document up from Marco's headquarters.  *See* CFG_08929-33; CFG_09493.


Dated: February 25, 2021

*/s/ Justin J. Kontul*
Perry A. Napolitano
PA I.D. No. 56789
Justin J. Kontul
PA I.D. No. 206026
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222

*Counsel for Citizens Financial Group, Inc.*

## **VERIFICATION**

I, Frank Livorio, Senior Vice President of Citizens Bank, N.A., being first duly sworn, state that I have read the foregoing Objections and Responses to Plaintiff's Second Set of Interrogatories, and believe they are true and accurate to the best of my knowledge.

Date:  February 15, 2021

Frank E. Livorio

Senior Vice President and Team Lead

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on all counsel of record on this 25th day of February 2021.

*/s/  Justin J. Kontul*
Counsel for Citizens Financial Group, Inc.