## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCO CONTRACTORS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-237 -NR |
| | ) | |
| v. | ) | |
| | ) | |
| CITIZENS FINANCIAL GROUP, | ) | |
| INC., d/b/a/ CITIZENS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE RE: APPOINTMENT OF SPECIAL MASTER

In light of the parties' updated discovery plan and the Court's amended Case Management Order, the Court has decided to appoint a Special Master, as authorized by Fed. R. Civ. P. 53, to facilitate discovery and resolve any disputes that arise. Specifically, given the potential complexity of discovery in this case, the Court finds that the appointment of a Special Master is appropriate and necessary to ensure the proportionality of discovery, promote judicial efficiency, and "effectively and timely" address pretrial discovery matters. Fed. R. Civ. P. 53(a)(1)(C).

To that end, the Court hereby notifies the parties that it intends to appoint Joseph Valenti of Saul Ewing Arnstein & Lehr LLP as Special Master. Pursuant to Fed. R. Civ. P. 539(b)(3), the Court directs Mr. Valenti to file an affidavit "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455" by **January 4, 2022**.

By **January 11, 2022**, the parties shall file a joint notice indicating whether they consent or object to the appointment of Mr. Valenti as Special Master and, if Mr. Valenti has disclosed any "grounds for disqualification" in

his affidavit, whether they agree to "waive the disqualification." Fed. R. Civ. P. 53(b)(3)(B).

If the parties consent pursuant to Fed. R. Civ. P. 53(a)(1)(A), or if the Court overrules any objection based on Fed. R. Civ. P. 53(a)(1)(C), the Court intends to authorize Mr. Valenti to perform the following functions:

1.     **Initial Discovery Conference; Development of E-Discovery Protocol.**   Mr. Valenti shall conduct an initial discovery conference with the parties to discuss the parameters of discovery, address any areas of potential dispute, and, if necessary, assist in the development of a mutually agreeable e-discovery protocol.  This conference shall occur within 30 days of any order appointing Mr. Valenti.

2.     **Oversight of Discovery.** Mr. Valenti shall periodically monitor discovery by conferring with the parties on at least a monthly basis to assess their progress and attempt to informally resolve or avoid any anticipated disputes.

3.     **Resolution of Discovery Disputes.**  Mr. Valenti is authorized to resolve any discovery disputes that arise in the first instance.  In the event of a discovery dispute:

     a. The parties shall first contact Mr. Valenti to schedule a telephone conference to resolve the dispute informally.

     b. If the dispute cannot be resolved informally, Mr. Valenti may establish an appropriate briefing schedule and direct the parties to file a motion to compel or motion for protective order. The parties shall file their motion as usual, using the Court's ECF system, and all discovery motions shall be referred to Mr. Valenti through ECF by the Court.

c. After a discovery motion has been briefed, Mr. Valenti will issue a Report & Recommendation on the motion. The Report shall include a recommendation to the Court on how to decide the motion, as well as a recommendation on any appropriate award of attorneys' fees. It is the Court's practice to award attorneys' fees to the prevailing party on a discovery motion whenever such an award is permitted by the Federal Rules.

d. The parties may file a notice objecting to any Report & Recommendation issued by Mr. Valenti within **7 days**. The notice should identify, in summary fashion, the legal or factual basis for the party's objection. The notice should not include any additional argument on the motion or require any substantive response. The Court's intent is to resolve all objections based on review of the original briefing and the Report & Recommendation. The Court will review the Report & Recommendation *de novo* and issue an appropriate order.

4. **Investigation & Fact-Finding.** Mr. Valenti is authorized to investigate and make findings of fact if, in his discretion, he believes that such investigation or fact-finding is necessary to perform the duties enumerated above, such as the resolution of discovery disputes or motions or the development of an e-discovery protocol. The parties shall respond to any request for information from Mr. Valenti as if ordered to provide such information by the Court, or else promptly file objections to any request for information that they believe to be unlawful or inappropriate.

5. ***Ex Parte* Communication.** Mr. Valenti shall be empowered to communicate on an *ex parte* basis with any party or the Court for purposes of seeking to maintain the confidentiality of trade secret or proprietary

- 3 -

information of the parties, or for routine scheduling of other matters which do not concern the merits of motions before Mr. Valenti or the Court.

6.    **Confidentiality.**  Either party may request that Mr. Valenti agree to the terms of their Protective Order before reviewing any confidential or trade-secret information.

7.    **Appendix to Report & Recommendation.**  Subject to the terms of that Order, Mr. Valenti will preserve and file, as an appendix to any Report & Recommendation, all material or evidence considered in making or recommending any findings-of-fact.  The appendix should be filed on the public docket, using the Court's ECF system, unless such filing would require the breach of any confidentiality obligation, in which case Mr. Valenti is granted leave to file the appendix, or any confidential portion thereof, under seal.

8.    **Settlement conferences.**  At the parties' or Court's request, Mr. Valenti may also serve as a mediator to conduct any settlement conferences. Any such sessions shall be governed by the Court's local ADR rules.

9.    **Compensation.**  Mr. Valenti shall be authorized to receive and collect compensation from the parties as follows:

    a.  Mr. Valenti shall be entitled to charge his customary hourly fee of **$400 per hour,** plus expenses, for all work performed as Special Master, subject to approval by the Court.

    b.  Each party shall be responsible for paying **50%** of Mr. Valenti's reasonable fees and expenses.

    c.  Mr. Valenti shall periodically submit itemized statements to the Court for approval, with copies to the parties, detailing the work performed, hours spent, routine costs incurred, and other expenses.  Payment shall be due to Mr. Valenti within 30 days

of approval by the Court.  Any failure to pay Mr. Valenti shall be brought to the attention of the Court.

DATE: December 21, 2021                    BY THE COURT:

                                           /s/ J. Nicholas Ranjan
                                           United States District Judge