IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCO CONTRACTORS, INC., | ) |
| Plaintiff, | ) ) ) 2:20-CV-237-NR ) |
| v. | ) ) |
| CITIZENS FINANCIAL GROUP, INC., d/b/a CITIZENS BANK, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER ADOPTING AND MODIFYING SPECIAL MASTER'S REPORT AND RECOMMENDATION**

Special Master Joseph Valenti has submitted a report and recommendation regarding Citizens' request for fees for preparing for the deposition of Nicholas Smith. After reviewing the report and recommendations, the parties' original briefing and objections, timecards, and the transcript of the deposition, and on a *de novo* review, the Court hereby adopts the report and recommendation subject to two modifications.

**FACTUAL & PROCEDURAL BACKGROUND**

This fee request arises out of Marco's "fail[ure] to preserve and produce electronically-stored information." ECF 179, p. 2. As a result of Marco's conduct, Citizens filed a motion for sanctions. ECF 132. The parties resolved some of the issues raised in Citizens' sanctions motions through a consent order, which the Court approved. ECF 140. As part of the consent order, the parties agreed that: (1) Marco would produce specified information and documents; (2) Marco would produce Nicholas Smith for a deposition; and (3) Marco would pay Citizens' reasonable attorneys' fees and costs in preparing for and taking Mr. Smith's deposition. *Id.* After the deposition, Citizens was to submit an accounting of its attorneys' fees and costs to the Special Master, who would decide the reasonableness of the request after Marco had the opportunity to object. *Id.* After the consent order was entered, the

Special Master recommended that the Court order Marco to put money into escrow so that the money would be available to pay any sanctions ordered as a result of the resolution of the sanctions motion, and the Court adopted that recommendation. ECF 149, pp. 11-12.

After the deposition of Mr. Smith, Citizens submitted its fee request. After briefing from the parties, the Special Master recommended that the Court: (1) "grant the request of Defendant for Plaintiff to pay $189,575.50 of the requested $192,623.50 for additional fees and $69,003.20 of the requested $70,589.70 for costs incurred by Defendant to prepare for and take the deposition of Mr. Nicholas Smith" (footnote omitted); (2) "[p]rovided that the Court does order Plaintiff to pay Defendant this total of $258,578.70 . . . that interest/penalties of $13,782.24 be awarded to Defendant"; and (3) "[l]ikewise presuming full adoption of these threshold recommendations, this Special Master recommends that the Court award reasonable attorneys' fees (which can be calculated by this Special Master at a later date) to Defendant for its time spent on formally briefing this fee dispute." ECF 179, p. 1.

Citizens filed objections to the report and recommendations and Marco Contractors responded. ECF 180; ECF 181.

## STANDARD OF REVIEW

Because Marco objected to the Special Master's report and recommendation, the Court must review all findings of fact and legal conclusions *de novo*. Fed. R. Civ. P. 53(f)(3)-(4).

## DISCUSSION & ANALYSIS

The Court first notes that the only dispute here is whether Citizens' requested fees are reasonable—Marco has already agreed to pay for Citizens' fees and costs pursuant to the consent order. ECF 140.

Marco's primary objection to the fee request is that Citizens used its preparation for Mr. Smith's deposition to conduct general discovery instead of

limiting the focus to the specific issue of spoliation. ECF 180, p. 2. Marco argues that Citizens' review of the documents was reflective of work that Citizens would have to do in general discovery and the billing entries are not specific enough to reflect the narrow focus of preparing for Mr. Smith's deposition. *Id.*

Based on its review of the parties' briefing and the time entries at issue here, the Court agrees with the Special Master that such review was necessary. In the Special Master's previous report and recommendation, the Special Master noted that manual attorney review of documents Marco produced would be required to find relevant documents and show Mr. Smith's personal knowledge of them. ECF 149, pp. 8-9. The Special Master also noted that this is "far from a run-of-the-mill document review and deposition plan" because of the high number of documents and other information that Citizens would be required to review. *Id.* at 9. The Court, in adopting that report and recommendation, found that the "Special Master's detailed analysis in calculating [an estimated fee amount] is well-supported based on reasonable estimates associated with the unique document-related work that must be performed in connection with the deposition." ECF 153. The Court resolves the rest of Marco's objections as follows.

***Marco's objection to e-discovery hosting costs.*** Marco's objection to the reasonableness of the e-discovery hosting costs is overruled. Citizens needed to host the data to be able to fully investigate the spoliation issue—and Citizens already discounted this figure by 10% to account for hosting charges for relevant documents. ECF 179, pp. 6-7.

***Marco's objection to deposition outline preparation fees.*** Marco objects to the fee of $29,147.50 for the preparation of the deposition outline as unreasonable. ECF 180, p. 5. This number represents 44.5 attorney hours. Here, the Court agrees with Marco. "In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's

*client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (cleaned up, emphasis original). Although this is not a fee request pursuant to statutory authority, the Court finds this principle applicable. It is unlikely, in the Court's experience, that an attorney would charge a paying client 44.5 hours for deposition-outline preparation. After reviewing the deposition transcript, the Court finds that 20 hours of deposition outline preparation is reasonable, and sustains Marco's objection as to this fee request. The Court will reduce this part of the fee award from $29,147.50 to $13,100.

***Marco's objection to review costs.*** Marco objects to "the reasonableness of $68,755.50 in first-level e-discovery review fees and $87,400.50 in second-level review/oversight attorney fees" because it argues that the timecard entries contain "much of the same language for entries." ECF 180, pp. 6-7. Marco argues that the Special Master lessened Citizens' burden by stating that his observations and familiarity with the case at issue and attendance at Mr. Smith's deposition supported his finding that the document review was necessary. *Id.* Not so.

In a prior report and recommendation, the Special Master estimated a responsiveness rate of 1%—but the actual responsiveness rate was 10%. ECF 179, pp. 7-8. Citizens used four e-discovery attorneys to review "less than 10% of the total documents produced[.]" ECF 176, p. 5. Ten percent of approximately one million documents is still one-hundred-thousand documents. Taking the Special Master's previous estimate of one associate reviewing 10,000 documents at a rate of 100 documents per hour at $400 an hour resulting in $40,000 in fees, using four e-discovery associates to review 100,000 documents resulting in approximately $70,000 in fees is not unreasonable. Marco's objection is overruled.

***Marco's objection to $4,272 in technical e-discovery support fees.*** Marco objects to $4,272 of the $7,320 in fees for case assistants by stating that the timecards will show that Citizens failed to meet its burden of proof. ECF 180, p. 7. Citizens

represents that this work was billed by a litigation support analyst who "provided technical support required to download load files and metadata produced by Marco, load the files and metadata to the Relativity review platform, analyze the data if and when errors were found in the load files or metadata, and perform searches and filtering in the Relativity review platform." ECF 176, p. 8. The Third Circuit takes a narrow view of what types of e-discovery costs are recoverable. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012) (stating that e-discovery charges must be sufficiently similar to "making copies" under 28 U.S.C. § 1920 to be taxable). "[C]ourts that have refused to award the costs of electronic discovery vendors beyond file format conversion have recognized that gathering, preserving, processing, searching, culling, and extracting ESI simply do not amount to making copies [under 28 U.S.C. § 1920]." *Id.* at 169-70 (cleaned up). The Third Circuit identified the following categories of e-discovery costs as non-recoverable: "collecting and preserving ESI; processing and indexing ESI; [and] keyword searching of ESI for responsive and privileged documents[.]" *Id.* at 167.

Here, the Special Master acknowledged that the "case assistant" charges were a close question, but ultimately held that recovery of $4,272 for a case assistant to "transfer documents to staging area [and/or] process documents to workspace for review" was appropriate. ECF 179, pp. 9-10.[1] The Court respectfully disagrees. The types of tasks that the case assistant performed as Citizens described are non-recoverable because they fall into the categories of collecting, preserving, processing, and indexing ESI that the Third Circuit in *Race Tires* specifically identified as non-

---

[1] The Special Master analyzed the case assistant charges as fees and noted that in his analysis, even if the charges by the e-discovery professionals were not considered fees, they would still be recoverable as costs. ECF 179, p. 9 & n.9. The Court finds it to be more appropriate to analyze these as costs because although these case analysts are employed by the law firm, these types of tasks are more akin to the work of outside e-discovery vendors than to in-house paraprofessionals, such as paralegals.

recoverable.  *See, e.g.*, *Smith v. Presidio Networked Sols., Inc.*, No. 22-736, 2024 WL 4094274, at *11 (E.D. Pa. Sept. 5, 2024) (denying recovery of e-discovery costs because the party requesting the costs did not make a distinction between taxable and non-taxable costs).  As such, Marco's objection is sustained and the total fee and cost award will be reduced by $4,272.

***Marco's objection regarding rejection of video charge without prejudice.***  Marco objects to the Special Master's determination that the cost of the videorecording of the deposition ($1,586.50) "be disallowed . . . without prejudice" to Citizens including that fee in a broader sanctions request "if the video specifically becomes useful or relevant."  ECF 180, p. 8.  This objection is overruled.  Contrary to Marco's assertion, this language is not "an open invitation" for Citizens to "somehow make the video deposition relevant[.]"  *Id.*  If Citizens argues that the video is relevant in some future fee request, Marco will have an opportunity to dispute whether it is actually relevant.

### *Interest calculation.*

Both parties agree that the Special Master's interest calculation is reasonable, but Marco argues that, if its objections are sustained, a new calculation is necessary due to the reduction in fees and costs awarded.  *Id.*  Because the Court sustained some of Marco's objections, a new interest calculation is warranted, and is calculated below.

### CONCLUSION

For the foregoing reasons, the Report & Recommendation (ECF 179) prepared by Special Master Valenti is **ADOPTED** as the opinion of the Court, subject to the modifications above.  The Court hereby awards reasonable fees and costs of $238,259.20 and interest of $12,699.22 (calculated at 5.33% for one year) for a total of $250,958.42.  Marco's counsel must release all cash held in escrow to Citizens within three days of this Order.  The remainder of all funds shall be paid by Marco to

- 6 -

- 7 -

Citizens in cash on or before December 31, 2024. In the event of nonpayment, Citizens is authorized to take action to collect any outstanding amounts by proceeding against the bond issuer of the $100,000 bond held in escrow beginning January 1, 2025.

* * *

DATE: December 9, 2024                                BY THE COURT:

                                                                  /s/ *J. Nicholas Ranjan*

                                                                  United States District Judge